# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**COURT FILE NO.: 1:16-cv-480**

Shannon L. Allen and
James Allen,

    Plaintiffs,

v.

Credit One Bank, N.A.,

    Defendant.

_____

## COMPLAINT AND JURY DEMAND
_____

### NATURE OF ACTION

1.  This is an action brought pursuant to the Federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION

2.  This Court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

### PARTIES

3.  Plaintiff Shannon L. Allen ("Ms. Allen"), is a natural person who at all relevant times resided in Fort Morgan, Colorado (Morgan County).

4.  Plaintiff James Allen ("Mr. Allen") is a natural person who at all relevant times resided in Fort Morgan, Colorado (Morgan County).

5. Defendant, Credit One Bank, N.A. ("Defendant"), is nationally chartered bank that may be properly served with process at 585 Pilot Road, Las Vegas, Nevada 89119.

## FACTUAL ALLEGATIONS

6. In or about November of 2015, in connection with the collection an alleged debt (the "Debt"), Defendant began placing calls to Plaintiffs' respective cellular telephones.

7. Ms. Allen answer one such telephone call on or about December 2, 2015, and at that time, informed Defendant that she and Mr. Allen had retained the services of a debt settlement company, to wit: National Debt Relief ("NDR"), and further, provided Defendant with contact information for NDR.

8. Also during her communication with Defendant on December 2, 2015, Ms. Allen demanded that Defendant cease and desist from placing any and all further calls to her or Mr. Allen.

9. Ms. Allen answered another such call from Defendant on or about December 3, 2015, and at that time, reiterated her demand that Defendant cease and desist from placing any and all further calls to her or Mr. Allen.

10. Despite Plaintiffs' demand to cease and desist from placing any further calls to Plaintiffs' respective cellular telephones, Defendant continued to place calls to Plaintiffs' cellular telephones, including, but not limited to: in excess of 145 such calls to Ms. Allen from December 4, 2015 through January 14, 2016.

11. Despite Plaintiffs' demand to cease and desist from placing any further calls to Plaintiffs' respective cellular telephones, Defendant continued to place calls to Plaintiffs' cellular telephones, including, but not limited to: in excess of 20 such calls to Mr. Allen from December 4, 2015 through the time of filing of the instant Complaint.

12. Upon information and good-faith belief, all of the telephone calls by Defendant to Plaintiffs' respective cellular telephones were placed using an automatic telephone dialing system.

13. Defendant did not place any telephone calls to Plaintiffs for emergency purposes.

14. Each and every telephone call Defendant placed to Plaintiffs was in connection with the collection of the Debt.

15. Defendant did not have Ms. Allen's prior express consent to make any telephone calls to her cellular telephone number after December 2, 2015.

16. Defendant did not have Mr. Allen's prior express consent to make any telephone calls to his cellular telephone number.

17. Upon information and good-faith belief, Defendant placed all calls to Plaintiffs voluntarily.

18. Upon information and good-faith belief, Defendant placed all calls to Plaintiffs of its own free will.

19. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of its telephone calls to Plaintiffs.

3

20. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of its telephone calls to Plaintiffs.

21. Upon information and good-faith belief, Defendant maintains business records that evidence all calls Defendant placed to Plaintiffs' respective cellular telephone numbers.

## COUNT I
## VIOLATION OF 47 U.S.C. 227(b)(1)(A)(iii)

22. Plaintiff repeats and re-alleges each and every allegation contained above.

23. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

24. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by willingly and knowingly placing non-emergency calls to Plaintiffs' respective cellular telephones, without the prior express consent of Plaintiffs, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiffs prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiffs in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiffs statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23. Plaintiffs are entitled to, and hereby demand, a trial by jury.

Dated: February 26, 2016.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
The Law Office of Craig J. Ehrlich, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com